IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Zackary Rhodes,<br><br>      Plaintiff,<br>v.<br><br><br>Envision Food Services, LLC,<br><br>      Defendant. | C/A No.: _____<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED**<br><br>(Violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 and Violation of Title VII of the Civil Rights Act) |

  Plaintiff Zackary Rhodes ("Plaintiff") brings this action for Violation of Title VII of the Civil Rights Act against Defendant Envision Food Services, LLC ("Defendant") and respectfully alleges as follows:

## INTRODUCTION

  1. Plaintiff brings this action against Defendant to recover damages caused by Defendant's willful violations of the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301, *et seq.* (hereinafter "USERRA") and Title VII of the Civil Rights Act of 1964. Each allegation is more fully set forth herein.

## PARTIES, JURISDICTION, AND VENUE

  2. Plaintiff is a citizen and resident of Richland County, South Carolina.

  3. Defendant is a South Carolina corporation.

  4. All the acts and omissions alleged against Defendant herein occurred during the time Plaintiff was an employee of Defendant in Columbia, South Carolina at 3290 Sumter Avenue Columbia, SC 29207.

1

5. This Court has jurisdiction of this action under 38 U.S.C. § 4323(b), 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to the cause of action herein occurred.

6. Venue is proper in this judicial district under 38 U.S.C. § 4323(c), 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391(b) because Defendant does business within this judicial district.

7. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC Charge No. 436-2025-00015) on or about March 17, 2025. The charge alleged sexual discrimination.

8. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission (EEOC Charge No. 436-2025-01645) on or about April 11, 2025. The charge alleged retaliation.

9. The EEOC issued a *Dismissal and Notice of Rights* on March 25, 2025, for EEOC Charge No. 436-2025-00015 and issued a *Dismissal and Notice of Rights*, on April 21, 2025.

10. Plaintiff has exhausted all administrative remedies.

11. This Court has subject matter and personal jurisdiction in this matter.

**FACTS**

12. Plaintiff began his employment with Defendant on May 15, 2025.

13. At all relevant times, Plaintiff's employment performance exceeded the legitimate expectations of Defendant.

14. Plaintiff is open about his sexuality and has described himself as being bisexual to his co-workers and managers.

15.  In late November 2024, Plaintiff was called a faggot by Cassandra Chambers as he and Ms. Chambers were cleaning up after a Thanksgiving party.

16.  After this incident, Plaintiff reported Ms. Chambers for calling him a faggot to Defendant management.

17.  After this report, Plaintiff was suspended for three days because in response to Ms. Chambers calling him an offensive slur, Plaintiff cursed at Ms. Chambers.

18.  Defendant policy is to terminate the employment of any worker who has been found to have sexually harassed another employee.

19.  Upon information and belief, Ms. Chambers was not disciplined nor terminated for calling Plaintiff this offensive slur.

20.  After Plaintiff complained about his treatment at the hands of Ms. Chambers, Mr. Sullivan repeatedly misgendered Plaintiff by referring to him as "Mrs. Rhodes."

21.  In February 2025, Plaintiff was late to work several times in order to attend Navy enlistment activities.

22.  Plaintiff provided his supervisors with information indicating that Plaintiff's brief periods of lateness were due to Navy enlistment activities.

23.  On February 27, 2025, Plaintiff's employment was terminated by Defendant for being late during the days that Plaintiff was participating in Navy enlistment activities.

24.  Per Defendant's policy, each employee is entitled to progressive discipline consisting of counseling, reprimand, suspension, and then, ultimately, termination.

25.  Even though Defendant's policy requires progressive discipline, Plaintiff was only ever reprimanded before his termination.

26. Plaintiff's only reprimand was for cursing after he was called a faggot by Ms. Chambers.

27. As a direct result of Defendant's termination of Plaintiff's employment, Plaintiff lost wages and benefits, as well as incurred attorney's fees to bring this action, as well as other damages.

**FOR A FIRST CAUSE OF ACTION**
(Violation of USERRA, 38 U.S.C. § 4311(b))

28. Plaintiff repeats and realleges each and every allegation of Paragraphs One through Twenty-Six as if restated herein verbatim.

29. USERRA provides that "[a] person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation." 38 U.S.C. § 4311(a).

30. USERRA goes on to provide that "an employer may not discriminate in employment against or take any adverse employment action against any person because such person . . . has exercised a right provided for in this chapter." 38 U.S.C. § 4311(b). Finally, USERRA provides that "an employer shall be considered to have engaged in actions prohibited under subsection (a) if the person's . . . application for membership . . . in the uniformed services is a motivating factor in the employer's action." 38 U.S.C. § 4311(c)(1).

31. In February 2025, Defendant violated USERRA by terminating Plaintiff's employment on the basis of his attendance at Navy enlistment activities, which is a part of the application for membership in the uniformed services.

32. Defendant's violation of USERRA was willful and in reckless disregard of Plaintiff's rights under the Act.

33. As a result of Defendant's conduct against Plaintiff, Plaintiff has suffered, and continues to suffer, substantial losses incurred in seeking and performing substitute employment, and in earnings, bonuses, deferred compensation and other employment and has suffered, and continues to suffer, embarrassment, harm to reputation, humiliation, emotional distress, and mental anguish all to Plaintiff's damage in an amount to be proven at trial.

34. As a result of Defendant's conduct as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of this action.

**FOR A SECOND CAUSE OF ACTION**
(Violation of Title VII- Discrimination based on Sex)

35. Plaintiff repeats and realleges each and every allegation of Paragraphs One through Twenty-Six as if restated herein verbatim.

36. Plaintiff is a bisexual man.

37. At all relevant times, Plaintiff met the legitimate expectations of Defendant.

38. Defendant took adverse employment actions against Plaintiff on the basis of his sex, gender, and sexuality by treating him differently than a woman by suspending him for cursing, while not suspending the woman for calling him a faggot.

39. Defendant knew or reasonably should have known that its conduct was unlawful.

40. Defendant acted with indifference to Plaintiff's federally protected employment rights.

41. As a result of Defendant's illegal discrimination, Plaintiff has suffered and continues to suffer damages.

## FOR A THIRD CAUSE OF ACTION
(Violation of Title VII- Retaliation)

42. Plaintiff repeats and realleges each and every allegation of Paragraphs One through Twenty-Six as if restated herein verbatim.

43. Plaintiff engaged in protected activity by objecting to Defendant's discriminatory treatment by complaining that he was disciplined when he was called a faggot.

44. Defendant retaliated against Plaintiff for making these complaints and grievances by further denying him promotions and employment opportunities, and by treating him differently than similarly situated female colleagues.

45. As a direct result and consequence of Defendant's actions, which violated Title VII of the Civil Rights Act, Plaintiff suffered damages, including but not limited to, back pay, front pay, lost benefits, punitive damages of $300,000.00, attorney's fees, costs, actual damages, humiliation, harm to reputation, compensatory damages for emotional distress, and physical exhaustion.

**WHEREFORE**, having fully set forth his allegations against Defendant, Plaintiff respectfully requests that this action be tried by a jury and prays that judgment be awarded in his favor against Defendant as follows:

A. Declare that Defendant's actions were in violation of USERRA's provisions.

B. Order that Defendant comply with the provisions of USERRA;

C. Order that Defendant pay Plaintiff all amounts due to her for lost wages and other benefits of employment caused by Defendant's violation of USERRA pursuant to 38 U.S.C. § 4323(d)(1)(B);

D. Order that Defendant pay liquidated damages to Plaintiff for an amount equal to her lost wages and benefits pursuant to 38 U.S.C. § 4323(d)(1)(C);

E. Enjoin Defendant from:

   i. Subjecting employees to discrimination and harassment based on sex and gender; and,

   ii. Retaliating against employees who engage in activity protected under Title VII of the Civil Rights Act;

F. Order Defendant to develop and implement appropriate and effective measures designed to prevent discrimination, harassment, and retaliation, including but not limited to policies and training for employees and managers;

G. Order Defendant to develop appropriate and effective measures to receive complaints of discrimination, harassment, and retaliation as well as a process for investigating such complaints;

H. Award actual and punitive damages to Plaintiff to fully compensate him for his injuries caused by Defendant's discriminatory, harassing, and retaliatory conduct;

I. Award Plaintiff prejudgment interest;

J. Grant Plaintiff her reasonable attorney's fees and costs; and

K. Award such other and further relief as this Court deems just and proper.

 s/ Sarah J.M Cox
-----
Sarah J.M. Cox (Fed. Bar No. 13166)
Lydia Robins Hendrix (Fed. Bar No. 14192)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, Second Floor
P.O. Box 1929
Columbia, South Carolina 29202-1929
Telephone:  803.904.7930
Facsimile: 803.904.7910
scox@burnetteshutt.law
lhendrix@burnetteshutt.law

**ATTORNEYS FOR PLAINTIFF**

April 23, 2025

Columbia, South Carolina